```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES CURRY,

                    Plaintiff,

          -against-
                                          MEMORANDUM AND
                                          ORDER
                                          10-CV-0257 (JS)(ETB)
ANDREW CUOMO, ATTORNEY GENERAL, STATE OF
NEW YORK, ROBERT DENNISION, CHAIRMAN OF
PAROLE, THOMAS SPOTA, DISTRICT ATTORNEY,
SUFFOLK COUNTY, MARCIA R. KUCERA,
ASSISTANT DISTRICT ATTORNEY, SUFFOLK
COUNTY, STEVEN A. HOVANI, APPEALS CHIEF,
SUFFOLK COUNTY, EMILY CONSTANT, CHIEF OF
INVESTIGATIONS, SUFFOLK COUNTY, PETER MAYER,
MAJOR CRIME BUREAU CHIEF, SUFFOLK COUNTY,
STEVE LEVY, SUFFOLK COUNTY EXECUTIVE,
KENNETH FASANO, LIEUTENANT INTERNAL AFFAIRS,
SUFFOLK COUNTY, DAVID PATERSON, GOVERNOR OF
NEW YORK STATE, GEORGE ZIMMERMAN, ASSISTANT
ATTORNEY GENERAL, WILLIAM SMITH, JR.,
COMMISSIONER OF PAROLE, HON. MARK DADD, WYOMING
COUNTY COURT JUDGE, AND NEAL MAHONEY, LEGAL AID
BUREAU ATTORNEY,
                    Defendants.
----------------------------------------X
```

APPEARANCES:
For Plaintiff:    James Curry
                  4A5919
                  Downstate Correctional Facility
                  Box F
                  Red Schoolhouse Road
                  Fishkill, NY 12524-0445

For Defendants:   No appearances

SEYBERT, District Judge:

          Pending before the Court is pro se incarcerated Plaintiff James Curry's Complaint, accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono

counsel. The Court GRANTS Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and for the reasons discussed below, DENIES the application for the appointment of pro bono counsel. Furthermore, the Court directs the Clerk of the Court to consolidate this case with Curry's earlier-filed habeas petition, Curry v. Conway, 09-CV-5226, and to mark this matter CLOSED.

BACKGROUND

In his Complaint, Plaintiff claims that he is being held illegally by the New York State Department of Correctional Services. Plaintiff was arrested on August 22, 2003 and "was threatened that if he didn't take a non-violent 1½-3 [years], he would never see his kids again." (Compl. ¶ 8(A).) Plaintiff claims that he was forced to sign an "illegal Superior Court Information" and then sent to prison for a term that was not supposed to exceed two years. Id. Plaintiff, however, does not identify who allegedly threatened or forced him to accept the plea. According to the Complaint, the Department of Corrections then illegally changed his sentence, and he thus remains unlawfully confined.

Plaintiff was convicted of attempted reckless endangerment in the first degree upon his plea of guilty and was sentenced to a period of incarceration. New York v. Curry, 56 A.D.3d 489, 865 N.Y.S.2d 915 (App. Div. 2008). In exchange for his guilty plea, the People agreed, inter alia, not to make a negative

2

recommendation with respect to the defendant's eventual parole hearing. Id. Notwithstanding that agreement, the People submitted a letter opposing parole, authored by the same Assistant District Attorney who negotiated the plea agreement. Id. Plaintiff filed a motion to vacate his conviction pursuant to CPL § 440.10 which was denied by an Order of the Supreme Court, Suffolk County, dated March 28, 2006. While noting that the submission by the People of the negative letter was a direct violation of the commitment they made as part of the plea agreement, the Appellate Division, Second Department, nonetheless affirmed the Supreme Court, Suffolk County's Order by Order dated November 5, 2008. See New York v. Curry, 56 A.D.3d 489, 865 N.Y.S.2d 915 (App. Div. 2008). Plaintiff's request for leave to appeal to the New York State Court of Appeals was denied on February 20, 2009. See People v. Curry, 12 N.Y.3d 757, 904 N.E.2d 845, 876 N.Y.S.2d 708 (2009).

Although difficult to discern, Plaintiff's instant Complaint appears to allege a conspiracy among the Defendants to keep him incarcerated in an effort to cover up the alleged unlawful beating that he sustained on August 22, 2003. For example, Plaintiff claims that, in furtherance of the conspiracy to keep him in prison, Defendant Kucera, the Assistant District Attorney who opposed his Article 440 application in March 2006, "knowingly violated the law by submitting false statements to the Appellate Division." (Compl.

3

¶ 8(E).) Plaintiff alleges that Defendants Fasano, Hovani, and Constant participated in the conspiracy, and that Defendants Governor David Paterson, Attorney General Andrew Cuomo, Suffolk County Executive Steven Levy, Suffolk County District Attorney Thomas Spota, and Suffolk County Major Crimes Bureau Chief Peter Mayer have each violated his Constitutional rights by ignoring the numerous letters of complaint he has written to each individual since as early as July 2005. Id. ¶¶ 8(F), (G), and (I). Finally, Plaintiff alleges violation of his civil rights during an arrest that occurred on August 22, 2003.[1]

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

---

[1] Plaintiff also has a civil rights action pending in this Court arising from this alleged unlawful arrest. See 06-CV-2841. In so far as Plaintiff seeks to assert Section 1983 claims in this action based on the August 22, 2003 arrest, such claims are well outside the three-year statute of limitations. Accordingly, they are time-barred. Brenes v. City of New York, No. 07-CV-5549, 2009 WL 742163, at *1 (2d Cir. Mar. 23, 2009) (citing Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997)).

4

II. Standard of Review

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding pro se and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the in forma pauperis statute, the Court must dismiss a Complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is "frivolous" if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or if it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law, or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). As Plaintiff is proceeding pro se, the court is obliged to construe his pleadings liberally and interpret Plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the pleading "gives any

5

indication that a valid claim might be stated," this court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

III. Habeas Corpus

A prisoner seeking to be released from illegal custody may apply to a federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before a federal court may address a petitioner's claim, the claim must first have been properly presented to the appropriate state court, with appeals exhausted to the extent permitted by state procedures. A state prisoner has one year from the date his conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). This limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For New York prisoners, a conviction is generally final 90 days after leave to appeal to the New York Court of Appeals is denied because such defendants have 90 days to seek certiorari review before the United States Supreme Court. McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); see also Sup. Ct. R. 13.

Here, the gravamen of the Plaintiff's Complaint is that his sentence is unlawful and thus Plaintiff seeks, inter alia, his immediate release from prison. The proper procedural mechanism for

challenging his sentence is pursuant to 28 U.S.C. § 2254.  Because Curry already has a pending habeas petition in this Court, the Court finds it appropriate to consolidate this case with the earlier-filed petition.

## CONCLUSION

Based on the foregoing and the Complaint in this action, it is hereby

ORDERED, that Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED; and it is further

ORDERED that the Plaintiff's Complaint shall be consolidated with his earlier-filed habeas petition, <u>Curry v. Conway</u>, 09-CV-5226, and this case shall be closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March   6  , 2010
          Central Islip, New York