```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES CURRY,

                    Petitioner,         MEMORANDUM & ORDER
                                        09-CV-05226 (JS)
          -against-

JAMES CONWAY, Superintendant of
Attica Correctional Facility,

                    Respondent.
----------------------------------X
APPEARANCES:

For Petitioner:     James Curry, pro se
                    04A5919
                    P.O. Box 149
                    Attica, NY 14011

For Respondent:     Ashlyn Hope Dannelly, Esq.
                    Assistant Attorney General
                    Office of the Attorney General
                    120 Broadway
                    New York, NY 10271
```

SEYBERT, District Judge:

James Curry, pro se, ("Petitioner") petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254 (2006). Currently pending before the Court is Petitioner's application for the appointment of pro bono counsel. (Docket Entry 50) For the following reasons, his application for the appointment of pro bono counsel is DENIED.

## Discussion

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." Green v. Abrams, 984 F.2d

41, 47 (2d Cir. 1993) (internal quotation marks and citation omitted). Rather, 18 U.S.C. § 3006A(a)(2)(b) governs appointment of counsel in habeas proceedings, which provides, in pertinent part, that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who-- . . . is seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B).

"A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases," pursuant to 28 U.S.C. § 1915(e)(1). Williams v. Breslin, 06-CV-2479, 2008 WL 163599, at *1 (E.D.N.Y. Jan. 10, 2008) (citing Curry v. New York, No. 04-CV-1263, 2005 WL 486845, at *5 (E.D.N.Y. Jan. 4, 2005).

I. 28 U.S.C. § 1915(e)(1) Standard

Section 1915(e)(1) requires a two-part inquiry. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). The threshold inquiry is whether there is substance to the Petitioner's claim. Id.; Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (holding that the court must first determine whether the litigant's position seems likely to be of substance). "Thus, even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the

indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632 (citing Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)).

Only if the Court finds that the indigent's claim is of substance will it proceed to step two of the analysis. Hodge, 802 F.2d at 61-62. Step two involves consideration of the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Carmona, 243 F.3d at 632. Further, these factors are not dispositive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Finally, a district court possesses broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper, 877 F.2d at 171-72 (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)); Oliphant v. McGill, 08-CV-1728, 2010 WL 5598728, at *2 (D. Conn. Feb. 16, 2010).

II. <u>Application</u>

The Court has reviewed Petitioner's application together with his Petition and finds that the appointment of counsel is not warranted at this stage of the litigation because Petitioner has not satisfied the threshold showing of merit. <u>See</u> <u>Cooper</u>, 877 F.2d at 172-74; <u>Hodge</u>, 802 F.2d at 61. Even assuming <u>arguendo</u> that Petitioner could satisfy the threshold requirement, consideration of the remaining <u>Hodge</u> factors indicate that the appointment of counsel is not warranted at this time. Though he asserts that he has trouble staying focused, Petitioner's nearly twenty letters to the Court addressing his illegal confinement demonstrate otherwise. Petitioner has adequately set forth his claims and replied to any responses in writing. He appears capable of preparing and presenting his case. Additionally, Petitioner's claim does not involve evidence that his incarceration will prevent him from investigating. Finally, the Court finds no special reason to appoint counsel in this case.

CONCLUSION

For the foregoing reasons, Petitioner's application for the appointment of counsel is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Consequently, <u>in</u>

forma pauperis status is denied for the purpose of any appeal.  The Clerk of the Court is directed to mail a copy of this Order to the pro se Petitioner.

```
                                SO ORDERED

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.
```

DATED:     August 1, 2011
           Central Islip, New York